UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 1:22-cr-00138-001-CLC-CHS |
| v. ) | |
| ) | |
| GREGORY JAMES HYTER ) | |

## MEMORANDUM AND ORDER

GREGORY JAMES HYTER ("Defendant") came before the Court for an initial appearance on February 13, 2025, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for Warrant for Offender Under Supervision ("Petition") [Doc. 49].

After being sworn in due form of law, Defendant was informed of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court determined Defendant wished to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court **APPOINTED** attorney Christopher Meadows of Federal Defender Services of Eastern Tennessee, Inc., to represent Defendant.

Defendant was furnished with a copy of the Petition, and had an opportunity to review those documents with his attorney. The Court determined that Defendant was able to read and understand the Petition with the assistance of his counsel. In addition, AUSA Kevin Brown explained to Defendant the specific charges contained in the Petition. Defendant acknowledged he understood the charges in the Petition.

The Government moved Defendant be detained pending disposition of the Petition or further Order of this Court. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. Defendant requested a preliminary hearing and a detention hearing. At counsel's request, the detention hearing was scheduled on Thursday, February 20, 2025.

At the detention hearing, the Government relied upon the allegations in the Petition [Doc. 49] and the sworn testimony of U.S. Probation Officer Brent Basham. The Petition recites a number of conditions of supervision violated by Defendant, *to wit*:

- **Mandatory Condition:** You must not commit another federal, state, or local crime.

- **Mandatory Condition:** You must not unlawfully possess a controlled substance.

- **Mandatory Condition:** You must refrain from any unlawful use of a controlled substance. You shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- **Standard Condition #3:** You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

The sworn Petition details facts giving rise to violations of this condition of supervision. More specifically:

1. On April 22, 2024, Defendant submitted to a drug test at the probation office. He tested presumptively positive for THC. He admitted to ingesting an edible containing marijuana.

2. On January 6, 2025, the U.S. Probation Office obtained copies of warrants issued for Defendant by Dekalb County District Court in Alabama. The warrants are for "Theft by Deception" and "Identity Theft."

3. According to documents supplied by the Fort Payne Police Department, Defendant used a counterfeit Tennessee Driver's License bearing his photo but another individual's personal information to obtain a car loan in the amount of $15,883, which was used to purchase a white Chrysler 300 from Basswood Chrysler Dodge Jeep Ram in Fort Payne. These charges are Class B felonies under Alabama law.

4. Chattanooga Police Department reports reflect that the white Chrysler 300 fled from police on November 15, 2024, and November 30, 2024. Then, on December 4, 2024, the Chrysler 300 was located outside a residence occupied by Defendant's mother at 1906 Walker Street in Chattanooga.

The narrative related by Officer Basham and proffered by AUSA Brown corroborated the allegations in the Petition that Defendant deceived a car dealer in Fort Payne, Alabama, by using a "doctored" driver's license containing Defendant's photo, but another person's identity. The Government introduced loan paperwork that corresponded to the identity of the owner of the driver's license, but which listed Defendant's own telephone number. In this way, Defendant was able to purchase a Chrysler 300 automobile, while burdening an unsuspecting victim with the loan amount. The Government also offered proof that the salesperson at the Fort Payne car dealership identified Defendant from a photo lineup as the person who completed the paperwork and purchased the Chrysler 300 automobile. It is unclear whether Defendant was driving the Chrysler 300 automobile when Chattanooga Police noted that the vehicle fled from them on two occasions,

but the fact that police eventually found the vehicle parked at Defendant's mother's house is strong circumstantial evidence that Defendant had possession of the automobile.

Defendant's federal conviction is for being a Felon in Possession of a Firearm. He has a criminal history which includes, *inter alia*, drug offenses, assault, evading arrest, and resisting arrest. Because of his criminal history, Defendant must be supervised closely and must comply with the conditions of his supervised release to ensure the safety of the community. In response to the allegations relied upon by the Government, Attorney Christopher Meadows proffered evidence and argued on behalf of Defendant that the evidence supporting the Alabama warrants against Defendant is not strong, and that, in any event, the Court could impose conditions on Defendant's release to mitigate any danger to the community that he may otherwise present.

The Court finds that probable cause exists to demonstrate that Defendant committed violations of his conditions of supervised release. With respect to the detention hearing, the undersigned is obligated to start with the rebuttable presumption that Defendant is a danger to any other person or to the community and that he poses a risk of flight. Based on the evidence adduced at the hearing, the Court concludes that Defendant has not carried the burden of establishing by clear and convincing evidence that he does not pose a danger to any other person or to the community and that he is not flight risk. Consequently, the Court **GRANTED** the Government's oral motion to detain Defendant pending disposition of the Petition or further order of this Court.

It is, therefore, **ORDERED** that:

1. Defendant shall be **DETAINED WITHOUT BAIL** pending a revocation hearing before United States District Judge Curtis L. Collier.

2. Unless revised by further order of the Court, the United States Marshals Service shall transport Defendant to the revocation hearing before United States District Judge Curtis L. Collier on **Wednesday, March 19, 2025, at 2:00 p.m.**

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE